```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        OCALA DIVISION
```

REGINALD D. WALKER,

                 Petitioner,

vs.                                   Case No.   5:12-cv-85-Oc-29TBS

WARDEN, FCC COLEMAN-LOW,

                 Respondent.
_____

## **ORDER OF DISMISSAL**

Petitioner Reginald D. Walker ("Walker" or "Petitioner"), who is incarcerated within the Federal Bureau of Prison ("BOP") at FCC Coleman, Low, initiated this action by filing a *pro se* Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241 (Doc. #1, "Petition"). The Petition challenges the assessment and fines totaling $1678.00 entered in connection with Walker's September 2, 2009, plea-based judgment of convictions for various traffic offenses in case numbers 29010143, 29010141 and 29010141, Meridian City Municipal Court, Meridian, Mississippi. See generally Petition. Walker did not appeal his State court convictions in these cases. Id. at 2. Walker makes clear that he is not challenging his § 922(g) federal conviction and sentence for which he is currently incarcerated. Id. at 3. In passing, Walker claims that the fines and assessments imposed by the Mississippi court have interfered with his ability to participate in certain BOP

programs.[1]  However, the relief Walker seeks if not directed at BOP officials.  Instead, Walker seeks a declaration from this Court that his Mississippi State court fines "are multiplicious and violate double jeopardy."  Id. at 8.  Alternatively, Walker requests that Court "issue an order delaying payment" until Walker's release from federal custody.  Id.

Respondent filed a Response to the Petition (Doc. #7, Response) seeking dismissal of the instant Petition on the basis that the Court lacks jurisdiction under § 2241 to grant Walker the relief he requests. Response at 2.  Walker did not file a reply to the Response, although directed to do so by the Court (Doc. #6). For the reasons set forth below, the Court will grant Respondent's motion to dismiss the Petition.

Here it is clear that Walker is neither attacking the execution or duration of his current sentence, nor the fact of the conviction for which he is currently incarcerated.  28 U.S.C. § 2241(c)(1).  Instead, Petitioner is challenging only the monetary fines and assessments aspect of his Mississippi plea-based convictions.  Petitioner, however, is not "in custody" on his Mississippi based convictions for purposes of § 2241(c)(3) relief.

---

[1] It is not clear whether Walker is participating in the voluntary BOP Inmate Financial Responsibility Program. 28 C.F.R. § 545.10-11. Nonetheless, it is clear that Petitioner is not contesting any action by the BOP that could be inferred as a challenge to the execution of his current federal sentence.

Diaz v. Fla. Fourth Judicial Circuit ex rel., ___ F.3d ___, No. 10-15202, 2012 WL 2077189, * 2 (11th Cir. June 11, 2012)(recognizing that petitioner must be "'in custody' under the conviction or sentence under attack a the time his petition is filed")(quoting Maleng v. Cook, 490 U.S. 488- 490-91 (1989)).  Moreover, even if the Mississippi imposed fines and assessments remain enforceable, Walker is still not entitled to habeas relief. Westberry v. Keith, 434 F.2d 623, 624-25 (5th Cir. 1970)[2](finding petitioner not in custody where petitioner suffered only finds and revocation of driver's license); Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009)(holding that "the payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes."). Consequently, Petitioner cannot show an entitlement to relief under § 2241.  Arnaiz v. Warden, Fed. Staellite Low, 594 F.3d 1326, 1329-30 (11th Cir. 2010)(prisoner cannot use § 2241 to attack only restitution part of sentence); Stewart v. Fed. Bureau of Prisons, 378 F. App'x 872, 873 (11th Cir. 2010)(reaffirming that court lacks jurisdiction to grant habeas relief unless relief affects physical confinement which supplies the necessary custody requirement).

---

[2]Unless later superceded by Eleventh Circuit precedent, a Fifth Circuit decision issued prior to the close of business on September 30, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondent's motion to dismiss the Petition included within Respondent's Response (Doc. #7) is **GRANTED.**

2. The Clerk shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __9th__ day of July, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record